UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Teryll Raymond Michael Grant, | ) | C/A No. 4:15-cv-01985-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| State of South Carolina; | ) | |
| Horry County; | ) | |
| Solicitor Bradley Richardson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual Background

Teryll Raymond Michael Grant ("Plaintiff") was a pretrial detainee in Horry County when he filed this case. The publicly available on-line records of the Horry County Clerk of Court disclose that seven indictments, charging financial fraud, burglary, forgery, and use of vehicle without permission were issued against Plaintiff on October 16, 2014, and that the indicted charges are currently pending against Plaintiff in the Horry County General Sessions Court. *See* http://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx (last consulted June 1, 2015). In the Complaint submitted in this case, Plaintiff complains that the Solicitor on his case, Defendant Richardson, is not moving quickly enough and has not contacted the victim, who allegedly does not wish to prosecute. Compl. 3, ECF No. 1. Plaintiff asserts that he has not

yet been indicted (although the on-line court records contradict this allegation) and that his due-process rights are being denied. *Id*. Plaintiff asks this court to order that the charges pending against him be dismissed, and he asks for compensation for imprisonment against his will, lost wages, and pain and suffering. *Id*. at 4.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.     Discussion

Plaintiff's due-process claim based on the circumstances surrounding the criminal charges that are currently pending against him and his requested relief of dismissal of those charges should not be considered by this court in light of the United States Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971) and similar cases decided after *Younger*. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Nivens v. Gilchrist,* 319 F.3d 151, 154-55 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining state criminal proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same).

Plaintiff does not provide any information in his Complaint to indicate that he has presented his due-process violation allegations to the presiding state-court judge in his criminal case in Horry County. However, as indicated in the cases cited above, Plaintiff is not foreclosed from raising those allegations and his request to dismiss the pending charges and having them ruled on in his on-going state criminal prosecution. Under *Younger*, this court cannot remove the authority to rule on such an objection from the judge who is actually in control of Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff seeks—release from incarceration and confinement—this court would be required to enjoin the state prosecution, and, as stated above, this is not something this court can do under *Younger*, *Cinema Blue*, *Bonner*, and the Anti-Injunction Act.

Furthermore, this court cannot grant Plaintiff's request for compensation, *i.e.*, damages, from Defendants the State of South Carolina, Horry County, and/or Solicitor Richardson. Plaintiff's request for damages from the State of South Carolina is barred by the Eleventh Amendment to the United States Constitution, which divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 n.9 (1984), a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws, is a part of the South Carolina Tort Claims Act, which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities.").

Plaintiff's request for damages from Defendant Solicitor Richardson based on the pace of the criminal case that Richardson is prosecuting and for imprisonment against Plaintiff's will is barred by the doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann. § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991). Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v.*

5

*Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims about the length of time it is taking for him to get to trial and about the alleged failure to obtain input from the victim go to Defendant Richardson's clearly prosecutorial decisions about when to prosecute and whether to go forward with a prosecution. As stated above, such decisions are purely prosecutorial functions, and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*.

Finally, Plaintiff does not include any allegations from which it can be determined that Horry County has any liability to compensate Plaintiff for his detention on the pending charges. First, Plaintiff's naming of Horry County as a Defendant is frivolous because there are no allegations in the Complaint even mentioning the County. *See Newkirk v. Circuit Ct.*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.")). Additionally, Horry County cannot be held responsible for actions taken by the Court of General Sessions (Circuit Court) for Horry County. It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; *see also* S.C. Const. Art. V, § 1; *State ex rel. McLeod v. Civil and Criminal Ct. of Horry Cnty.*, 217 S.E.2d 23, 24 (S.C. 1975). Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not Horry County, retains the *sole* authority to supervise the Circuit Court for Horry County. *See Spartanburg Cnty. Dep't. of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875-76 (S.C. 1988). By virtue of Article V, Defendant Horry County does not

exercise administrative or supervisory authority over the courts of the State of South Carolina located within the geographical boundaries of Horry County, and, thus, Plaintiff states no plausible claim against the County for damages for alleged federal constitutional violations occurring in connection with a court case filed in the county.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

June 5, 2015                                                        Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).